**Cynthia YOUNG, Petitioner,**

v.

**The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, and the Honorable Edward E. Carelli, one of the Judges Thereof, Respondents.**

**No. 87SA203.**

Supreme Court of Colorado,
En Banc.

July 13, 1987.

David F. Vela, Colorado State Public Defender, Rick J. Brown, Deputy State Public Defender, Denver, for petitioner.

Norman S. Early, Jr., Dist. Atty., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Denver, for respondents.

PER CURIAM.

Petitioner Cynthia Young was charged with first degree murder and the commission of a crime of violence in connection with a shooting that occurred at her home on August 1, 1986. She moved to dismiss the charges against her on the basis of section 18–1–704.5, 8B C.R.S. (1986), which provides that under certain circumstances an occupant of a dwelling using physical force against an intruder shall be immune from criminal prosecution for the use of such force. The district court denied the petitioner's request for a pretrial hearing on the motion to dismiss, ruling that section 18–1–704.5 provides only for an affirmative defense to be raised at trial. The petitioner then sought relief from this court by filing an original proceeding pursuant to C.A.R. 21. We issued an order directing the district court to show cause why it should not hold a hearing on the petitioner's motion to dismiss.

We have held today in *People v. Guenther*, No. 86SA282 (Colo., July 13, 1987), that section 18–1–704.5(3) authorizes a district court to dismiss a pending criminal charge prior to trial when the defendant establishes the statutory conditions for immunity by a preponderance of the evidence. The rule to show cause is accordingly made absolute, and the district court is directed to provide the petitioner with a timely pretrial hearing to determine whether she is immune from criminal prosecution under section 18–1–704.5.